UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIGNESH MURUGESAN, et al.,

          Plaintiffs,

      v.

JOSEPH B. EDLOW, et al.,

          Defendants.

Case No.  25-cv-10558-SK

**NOTICE OF QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED FOR JUNE 8, 2026 at 9:30 A.M. VIA PUBLIC ZOOM WEBINAR.

The Court intends to address the questions below at the hearing.  The Court advises the parties that it will not accept written answers to the questions before the hearing on this motion. The parties shall be prepared to address the following questions at the hearing:

(1) *This question is directed to both parties*:  To determine whether an agency's delay is unreasonable under the Administrative Procedure Act ("APA"), courts apply the six-factor balancing test set out in *Telecommunications Research & Action Center (TRAC) v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("TRAC") (citations omitted).  Do the parties dispute whether the Court should conduct a TRAC inquiry in determining the present motion?  Is there a binding statutory deadline that governs the pace of I-485 application adjudications?

/ / /

/ / /

/ / /

(2) *This question is directed to Plaintiffs*:  Do Plaintiffs allege a deprivation separate from the alleged delay underlying their APA claim?  Plaintiffs shall be prepared to support their position with record citations.

(3) *This question is directed to Plaintiffs*:  In *Ching*, the Ninth Circuit held that because the "grant of an I–130 petition for immediate relative status is a nondiscretionary decision," it is a protected interest that "is entitled to the protections of due process."  *Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013) ("Immediate relative status for an alien spouse is a right to which citizen applicants are entitled as long as the petitioner and spouse beneficiary meet the statutory and regulatory requirements for eligibility.").  Is there any authority that supports Plaintiffs' proposition that they have a protected property interest in receiving a I-485 application decision?  Which specific aspects of the EB-5 framework create a protected property interest?

(4) *This question is directed to both parties*:  Plaintiffs assert that the EB-5 framework's objective eligibility criteria, APA obligations, and fee-funded adjudicatory structure sufficiently constrain USCIS's discretion to create a statutory entitlement by requiring USCIS to provide applicants with a decision.  How does the adjudicatory structure constrain/not constrain USCIS's discretion?

(5) *This question is directed to both parties*:  In a recent Northern District decision, the plaintiffs alleged an unreasonable delay in the adjudication of their I-485 applications after being approved for asylum.  *Wang v. Edlow*, No. 25-CV-10689-SVK, 2026 WL 1021204, at *1, 7 (N.D. Cal. Apr. 15, 2026).  The Court dismissed the plaintiff's due process claim with leave to amend, reasoning that "the desire for fundamental fairness in administrative proceedings does not amount to a cognizable liberty or property interest that could support a procedural due process claim."  *Wang*, 2026 WL 1021204, at *8.

/ / /

2

The parties shall be prepared to distinguish or analogize this action from *Wang, Garas v. Noem,* No. 8:25-CV-01756-FWS-JDE, 2025 WL 3650184 (C.D. Cal. Dec. 5, 2025), and other relevant persuasive cases.  The parties shall limit their oral argument to Plaintiffs' due process claim.

**IT IS SO ORDERED**.

Dated: June 4, 2026



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California