UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIGNESH MURUGESAN, et al., | Case No.  25-cv-10558-SK |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| JOSEPH B. EDLOW, et al., | |
| Defendants. | Regarding Docket No. 12-1 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Joseph B. Edlow, in his official capacity as Director of United States Citizenship and Immigration Services ("USCIS"), and the USCIS (collectively, "Defendants"). (Dkt. No. 12-1.)  All parties consented to magistrate judge jurisdiction.  (Dkt. Nos. 8, 10.)  Upon careful consideration of the parties' papers, relevant legal authority, case record, and oral argument, the Court GRANTS Defendants' motion for the reasons set forth below.

**BACKGROUND**

Plaintiffs Vignesh Murugesan ("Mr. Murugesan") and Rekha Subramanian, Mr. Murugesan's wife,  (collectively, "Plaintiffs") seek injunctive and mandamus relief ordering Defendants to adjudicate their pending Form I-485 Applications to Register Permanent Residence or Adjust Status (hereinafter "I-485 Application").  (Dkt. No. 1, (Complaint), ¶¶ 67–68.)   An individual may apply to adjust his or her status to lawful permanent resident using the Form I-485 based on a pending or approved immigrant petition.  8 U.S.C. § 1255(a); *see also* 8 C.F.R. § 245.2(a)(2)(i)(B) (providing for the concurrent filing of an adjustment of status application with certain employment-based immigrant petitions).  The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*., authorizes certain foreign nationals to seek immigrant visas or lawful permanent residence through employment-based categories.  *See* 8 U.S.C. § 1151(a)(2).  The

United States District Court
Northern District of California

Employment-Based Fifth Preference ("EB-5") program (hereinafter the "EB-5 Program"), specifically, provides a path to obtaining a permanent residence visa for foreign national investors who invest at least $800,000 into a commercial enterprise in a high unemployment or rural area that will create full-time positions for at least ten qualifying employees. (Dkt. No. 1 ¶ 13); *see* 8 U.S.C. § 1153(b)(5).

In 2022, Congress enacted significant reforms to the EB-5 Program through the EB-5 Reform and Integrity Act of 2022. (Dkt. No. 1 ¶ 14.) As relevant here, Congress expressly authorized foreign investors to simultaneously file, with their Form I-485 application, an immigrant petition either as (1) a standalone investor ("Form I-526"), or (2) a regional center investor ("Form I-526E"). (*Id.*) Investors may simultaneously file their Form I-485 and immigration petition if the U.S. Department of State's Visa Bulletin indicates that the investor's EB-5 category is not oversubscribed and visa numbers are immediately available to EB-5 applicants. (*Id.* ¶ 24.) Although both forms are filed concurrently, I-485 Forms are not processed until USCIS approves the applicant's I-526 or I-526E Form. (*Id.* ¶ 32.)

Mr. Murugesan, a citizen of India, invested $800,000 in a new commercial enterprise located in a USCIS-designated rural area that would create jobs for at least ten qualifying employees. (*Id.* ¶¶ 22, 24.) Plaintiffs filed Mr. Murugesan's I-526E and I-485 Forms concurrently on March 31, 2025. (*Id.* ¶ 23.) Plaintiffs allege that EB-5 category visas were immediately available at the time of Mr. Murugesan's investment. (*Id.* ¶ 24.) On August 19, 2025, Defendants approved Mr. Murugesan's I-526E Petition. (Dkt. No. 1 at 1.)[1] Approximately eight months after filing Mr. Murugesan's forms, on December 9, 2025, Plaintiffs commenced this action against Defendants, alleging Defendants failed to timely process their I-485 Applications. (*Id.*)

Plaintiffs bring three claims for Defendants' alleged delay and failure to process their I-485 Applications: (1) violation of the Administrative Procedure Act ("APA"); (2) relief under the Mandamus Act; and (3) a violation of Plaintiffs' procedural due process rights under the Due

---

[1] All citations to page numbers in docket filings refer to ECF-generated page numbers.

Process Clause of the U.S. Constitution. (*Id.* ¶¶ 46–61.) As previously noted, Plaintiffs brought this action seeking relief under the Mandamus Act and the APA to compel Defendants to adjudicate their pending I-485 Applications.[2] (*Id.* ¶¶ 67–68.)

On March 17, 2026, Defendants moved to dismiss Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 12-1.) Plaintiffs filed an opposition to Defendants' motion. (Dkt. No. 14.) Defendants filed a reply and Plaintiffs, with leave of Court, filed a sur-reply. (Dkt. Nos. 15, 16-1.) The Court heard oral argument on June 8, 2026. (Dkt. No. 20.)

## ANALYSIS

### I.    Legal Standards

#### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction. *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020). Federal courts are courts of limited jurisdiction and can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: cases involving diversity of citizenship and an amount in controversy exceeding $75,000, a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party moving to dismiss on 12(b)(1) grounds may challenge a court's jurisdiction on facial or factual grounds. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a "facial" challenge, as is presented here, the court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in plaintiff's favor. *Oracle Corp. v. ORG Structure Innovations LLC*, No. 11-cv-3549 SBA, 2012 WL 12951187, at *3 (N.D. Cal. Mar. 30, 2012) (citing *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

/ / /

/ / /

---

[2] The Ninth Circuit has recognized that the relief sought under the Mandamus Act and under § 706(1) of the APA is "essentially the same." *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997).

United States District Court
Northern District of California

**B.      Motion to Dismiss for Failure to State a Claim**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted.  On a Rule 12(b)(6) motion to dismiss, the court construes the allegations in the complaint in the light most favorable to the nonmoving party and takes as true all material allegations in the complaint.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of [their] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted, cleaned up).  Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *id.* at 556–57).  If the complaint allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment is futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**II.      Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiff's Complaint on two grounds.  (Dkt. No. 12-1 at 5.)  First, Defendants argue that "the Court lacks subject matter jurisdiction to compel the adjudication of I-485 adjustment applications under the [alleged] jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(B)(ii)."  (*Id.*)  Second, Defendants contend that, even if the Court has subject matter jurisdiction over this action, Plaintiffs fail to state a due process claim.  (*Id.*)  The court addresses each argument in turn.

**A.      Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The crux of the parties' dispute on this issue is whether, as Defendants contend, 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of subject matter jurisdiction over pace-of-adjudication claims.

/ / /

/ / /

4

United States District Court
Northern District of California

**1.      Relevant Statutory Frameworks**

As noted above, the INA authorizes certain foreign nationals to seek immigrant visas or lawful permanent residence through employment-based categories, such as the EB-5 Program. *See* 8 U.S.C. §§ 1151(a)(2), 1153(b)(5).  As relevant here, if certain threshold requirements are met, an individual can apply to adjust his or her status to lawful permanent resident using Form I-485 based on an approved immigrant petition. 8 U.S.C. § 1255(a); *see also* 8 C.F.R. § 245.2(a)(2)(i)(B) (allowing the concurrent filing of an adjustment of status application with certain employment-based immigrant petitions).

USCIS engages in a multi-step process when evaluating an application for adjustment of status. Section 1255(a), specifically, provides:

> The status of an alien who was inspected and admitted ... into the United States ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a); *see also* 8 C.F.R. § 245.1(a).

The disputed INA provision—8 U.S.C. § 1252—is entitled "Judicial review of orders of removal" and provides, in relevant part:

> (a) Applicable provisions
>
> ...
>
> (2) Matters not subject to judicial review
>
> ...
>
> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252.

### 2.    8 U.S.C § 1252 (a)(2)(B)(ii) does not strip this Court of subject matter jurisdiction over Plaintiff's "pace-of-adjudication" claim.

Defendants argue this Court lacks subject matter jurisdiction because 8 U.S.C § 1252(a)(2)(B)(ii) precludes judicial review of the pace of adjudication of Form I-485 applications. (Dkt. No. 12-1 at 8–11.)  Consistent with the majority of district courts in the Ninth Circuit, the Court disagrees.  *See Varniab v. Edlow*, No. 25-CV-10602-SVK, 2026 WL 485490, at *9 (N.D. Cal. Feb. 20, 2026*)* (noting that "the clear majority of district courts within the Ninth Circuit" and "the majority of district courts nationwide" have concluded that § 1252(a)(2)(B)(ii) does not bar judicial review) (quoting *Hong Wang v. Chertoff*, 550 F. Supp. 2d 1253, 1256–57 (W.D. Wash. 2008)); *see also Gao v. Mullin*, No. 25-CV-01479-SVK, 2026 WL 948665 (N.D. Cal. Apr. 8, 2026) (concluding that § 1252(a)(2)(B)(ii) does not strip the court of subject matter jurisdiction over "pace-of-adjudication" claims because defendants have a non-discretionary duty to adjudicate I-485 applications); *Yousefisahi v. Edlow*, No. 25-CV-09728-LJC, 2026 WL 1388704 (N.D. Cal. May 18, 2026) (same); *Komma v. Edlow*, No. 2:25-CV-3702 DJC AC PS, 2026 WL 1113887 (E.D. Cal. Apr. 24, 2026) (same).

First, § 1252(a)(2)(B)(ii) does not preclude judicial review of Defendants' decision to categorically act or withhold action.  *See Varniab*, 2026 WL 485490, at *7 (noting that "numerous courts have concluded that [§ 1252(a)(2)(B)(ii)] only precludes judicial review of decisions denying discretionary relief on individual applications and does not preclude judicial review of the Government's decision to categorically act or withhold action").  District courts in the Ninth Circuit have rejected the argument that pace of adjudication is discretionary and instead have held that "the government has a non-discretionary duty to adjudicate [petitions for adjustment of status] within a reasonable period of time and that courts have jurisdiction to review the [g]overnment's failure to do so."  *Gao*, 2026 WL 948665, at *3–4 (internal citations and quotation marks omitted);

*Mugomoke v. Curda*, No. 2:10-CV-02166 KJM DAD, 2012 WL 113800, at *4 (E.D. Cal. Jan. 13, 2012) ("While the Secretary has discretion to decide the outcome of an I–485 application, the authority to not act on an application is not conferred by any statute. Thus[,] a failure to act on an I–485 application falls within the APA's default rule: 'With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.'" (citing 5 U.S.C. § 555(b)).

Second, the Court disagrees with Defendants' argument that 8 U.S.C.§ 1255(a)'s statutory text triggers § 1252(a)(2)(B)(ii)'s jurisdictional bar.  (Dkt. No. 12-1 at 8.) While the statutory language authorizes USCIS to exercise discretion in its final determination, the language does not extend to when or how applications are processed.  *See Varniab*, 2026 WL 485490, at *9 (rejecting the argument that § 1255(a) confers broad discretion "to determine not only *whether* to grant adjustment of status, but also *how* and *when* to adjudicate such applications" and noting that many cases have held that § 1255(a) does not provide discretionary authority over the pace of adjudicating applications) (citing cases) (emphasis in original).

Moreover, § 1255(a) does not apply because Plaintiffs are not challenging a USCIS application denial or requesting the Court to order USCIS to approve their pending applications. *See Wang*, 550 F. Supp. 2d. at 1256.  Rather, Plaintiffs are challenging USCIS's *failure to act* on their applications within a reasonable time and asking this Court to order USCIS to render a decision on their applications.  (Dkt. No. 1 ¶¶ 54, 60, 68.)  Because the requested relief is focused on the lack of a decision rather than the review of a final decision on Plaintiffs' I-485 Applications, judicial review is not precluded.

Lastly, Defendants' proffered authority, (Dkt. No. 12-1 at 8–11),  is distinguishable because Plaintiffs' claims rest on pending I-485 applications, rather than final immigration application decisions.  *See Varniab,* 2026 WL 485490, at *9 (explaining why *Patel v. Garland*, 596 U.S. 328 (2022), *Garcia v. United States Citizenship & Immigration Services*, 146 F.4th 743 (9th Cir. 2025), and *Zia v. Garland*, 112 F.4th 1194 (9th Cir. 2024) do not extend to cases seeking review of pending immigration applications); *Behdin v. Edlow*, No. 26-CV-00566-SVK, 2026 WL 1031079, at * (N.D. Cal. Apr. 16, 2026*)* (rejecting the defendants' reliance on *Patel*, *Garcia*, and

*Zia* when the plaintiffs sought review of the defendants' failure to decide the plaintiffs' I-485 applications).

\*\*\*

In sum, the Court has subject matter jurisdiction over this action. The Court's conclusion is consistent with the "well-settled" and "strong" presumption in favor of judicial review of administrative action, *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020), which courts "consistently" apply to "legislation regarding immigration," *Kucana v. Holder*, 558 U.S. 233, 251 (2010).

**B.      Defendants' Motion to Dismiss for Failure to State a Claim**

Plaintiffs allege that Defendants' combined delay and failure to act in processing their I-485 Applications violates their procedural due process rights under the U.S. Constitution.  (Dkt. No. 1 ¶¶ 58–62.)  In response, Defendants contend that Plaintiffs fail to state a procedural due process claim.  (Dkt. No. 12-1 at 11–12.)[3]  The central issue before the Court is whether Plaintiffs have sufficiently pled a protected property interest—a threshold requirement for a claim of violation of due process.

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "The 'touchstone' of due process is protecting people against arbitrary government action, whether from 'denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective.' "  *Garas v. Noem*, No. 25-cv-01756-FWS (JDE), 2025 WL 3650184, at \*6 (C.D. Cal. Dec. 5, 2025) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).  "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution."  *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994).

/ / /

[3] Defendants do not appear to challenge Plaintiff's APA or mandamus claims on Rule 12(b)(6) grounds.

Plaintiffs claim that they have adequately alleged a protected property interest in receiving a determination on their properly-filed immigration applications. (Dkt. No. 14 at 16–19.) The Court disagrees. Plaintiffs' desire for "fundamental fairness in administrative adjudication," (Dkt. No. 1 ¶ 58) does not amount to a cognizable liberty or property interest that could support a procedural due process claim. "On the contrary, the Ninth Circuit has held that '[a] mere expectation of receiving a benefit is not enough to create a protected interest.' " *Cost Saver Mgmt., LLC v. Napolitano*, No. 10-cv-2105-JST (CWX), 2011 WL 13119439, at *6 (C.D. Cal. June 7, 2011) (quoting *Roberts v. Spalding*, 783 F.2d 867, 870–71 (9th Cir. 1986)).

Furthermore, Plaintiffs have not provided the Court with authority to support their proposition that they have a protected property interest in receiving I-485 application decisions and how, specifically, this purported property interest is entitled to due process protections. *Cf. Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013) (holding that because the "grant of an I–130 petition for immediate relative status is a nondiscretionary decision," it is a protected interest that "is entitled to the protections of due process.") The Court thus concludes that Plaintiffs have failed to state a procedural due process claim because they have not adequately pled a protected property interest.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. The Court DISMISSES Plaintiffs' due process claim with LEAVE TO AMEND if, in good faith, they can allege additional facts to support such a claim. If Plaintiffs elect to file an amended complaint, they shall do so by July 10, 2026. Defendants' answer shall be due 14 days after Plaintiffs' amended complaint is filed or by July 1, 2026, whichever is later. Because the Court grants Defendants' motion to dismiss, the Court DENIES Plaintiffs' request for costs and fees pursuant to the Equal Access to Justice Act.

**IT IS SO ORDERED**.

Dated: June 10, 2026

_____
SALLIE KIM
United States Magistrate Judge

9

United States District Court
Northern District of California